IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BONNIE PATTERSON, | : | |
| | : | |
| Claimant | : | |
| | : | |
| v. | : | CASE NO. 3:11-CV-35-CAR-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

_____

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

**I.   Did the ALJ err in failing to give proper weight to Claimant's treating physician?**

**II.  Did the ALJ err in failing to have Claimant evaluated for psychological limitations?**

**III. Did the ALJ err in failing to obtain testimony from a vocational expert?**

3

## Administrative Proceedings

Claimant applied for supplemental security income (SSI) on June 25, 2007, alleging disability as of June 9, 2006[2], due to insulin dependent diabetes, pancreatitis, osteoarthritis, rheumatoid arthritis, depression, anemia, and acid reflux. (Tr. 171, ECF No. 8.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on November 5, 2009, and following the hearing, the ALJ issued an unfavorable decision on November 27, 2009. (Tr. 14-20.) The Appeals Council ultimately denied Claimant's Request for Review on January 26, 2011. (Tr. 1-4.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since her onset date of June 9, 2006. (Tr. 16.) The ALJ then found that Claimant's medically determinable impairments were insulin dependent diabetes mellitus, pancreatic calcifications with chronic pancreatitis secondary to alcohol abuse, hypertension, gastroesophageal reflux disease and depression. (*Id.*) After reviewing the record, the ALJ determined that none of her impairments, either singly or in combination, significantly limited her ability to perform basic work-related activities for twelve

---

2 This is Claimant's second application for social security disability benefits. She previously filed for benefits on August 19, 2002, wherein her application was denied by this Court in 2006, and from which no appeal was filed. *See Patterson v. Barnhart*, 3:06-cv-4 (M.D.Ga. 2006).

consecutive months as is required in 20 C.F.R. § 404.1521 *et seq.* and § 416.921 *et seq.* (*Id.*)  Because he found that none of her impairments were severe, the ALJ concluded that Claimant was not disabled at step three and did not proceed to steps four and five of the sequential analysis.

## DISCUSSION

**I.    Did the ALJ err in failing to give proper weight to Claimant's treating physician?**

In the first issue, Claimant argues that the ALJ's decision that she did not have any severe impairments was not supported by substantial evidence where he improperly rejected the medical opinion of her treating physician.  (Pl.'s Mem. of Law 1, ECF No. 11.)   The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see*  SSR 96-5p.  It is well settled that the opinion of a treating physician is entitled to substantial weight unless "good cause" exists for not heeding it.  *Phillips v. Barnhart*, 357 F. 3d 1232, 1241 (11th Cir. 2004).  A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory.  *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).  The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician.  *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518

(11th Cir. 1984). A medical opinion provided by a claimant's treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record. *Id*. The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. § 416.927(d).

Even if a medical opinion is not entitled to controlling weight, the opinion of a treating physician is entitled to substantial or considerable weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) (per curiam). A physician qualifies as a "treating source" if the claimant sees the physician "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition(s)." 20 C.F.R. § 404.1502. As stated above, if controlling weight is not given to a treating physician's opinion, the ALJ is required to give "good reasons" for the weight given to this opinion. 20 C.F.R. § 404.1527(d)(2). Where the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are

supported by substantial evidence, there is no reversible error. *See Moore v. Barnhart*, 405 F. 3d 1208, 1212 (11th Cir. 2005) (per curiam).

In this case, the ALJ did not give controlling weight to the opinion of Dr. William Rhodes, M.D., Claimant's treating primary care physician, who completed a Medical Opinion Re: Ability to do Work-Related Activities (Physical) form (Tr. 416-418) which stated that Claimant's limitations were severe and that she could not perform even sedentary work. After review of the record, however, it is found that the ALJ articulated his reasons for giving less weight to the opinion of Dr. Rhodes and that his reasons constitute good cause. The ALJ based the decision on the evidence of record, including treatment notes of Dr. Rhodes, which he found to be based mainly on Claimant's subjective allegations of pain. (Tr. 19.) In the Medical Opinion form, Dr. Rhodes indicated that his opinion was based on Claimant's "diabetic neuropathy" and that his medical findings of "diabetes mellitus-uncontrolled" and "osteoarthritis" supported the limitations he found. (Tr. 417, 418.) The ALJ's findings show, however, that Dr. Rhodes's treatment notes were inconsistent his Medical Opinion and with the opinion of the consultative examiner and medical experts. (Tr. 19.) The ALJ further noted that the symptoms and limitations as subjectively alleged by the Claimant were credible only to the extent that they were inconsistent with his finding that her impairments were not severe, either singly or in combination. (Tr. 17.)

In this case, the ALJ stated specific reasons for not giving Dr. Rhodes's opinion controlling weight, thereby complying with the Regulations, as found at 20 C.F.R. § 416.927(d)(2)-(6). The record further reveals that the ALJ provided good cause for

failing to give the opinion of Dr. Rhodes controlling weight. Upon review of the entire record, therefore, the ALJ committed no error in weighing or discounting the opinions of Dr. Rhodes, nor any error in evaluating the medical evidence, and substantial evidence supports his decision. As such, it is further found that the ALJ had no duty to re-contact Dr. Rhodes prior to making his findings.

## II.   Did the ALJ err in failing to have Claimant evaluated for psychological limitations?

The Claimant next contends that the ALJ failed to fully develop the record where he failed to order a consultative physical evaluation of the Claimant. (Cl.'s Br. 12.) Claimant argues that a full and fair record would have been developed had a psychological consultative examination been performed. The Eleventh Circuit has held that the fundamental obligation to develop a complete and fair record may involve requiring a consultative examination of the claimant. *Smith v. Bowen,* 792 F.2d 1547, 1551 (11th Cir.1986); *See Reeves v. Heckler,* 734 F.2d 519, 521-522 (11th Cir.1984). "Consultative examinations are not required by statute, but the regulations provide for them where warranted." *Smith* at 1551; 20 C.F.R. § 404.1517 (2000). Therefore, an ALJ has committed reversible error where she chooses not to order a consultative examination when such an examination is deemed necessary "to make an informed decision." *Reeves,* 734 F.2d at 522 n. 1. Although, ultimately, the onus is on the Claimant to provide to the Commissioner the medical evidence to support his impairment allegations, the ALJ must still follow the standards as set forth in the code, the rules and the regulations. *See,* 20 C.F.R. §§ 404.1512(a), (c); 416.912(a), (c).

After a thorough review of the evidence in this case, it appears that the ALJ's determination that the Claimant's impairments were not severe is supported by the record as a whole and shows that the need for a consultative psychological evaluation was not warranted.  The ALJ has no duty to investigate further unless the existing record evidences a reasonable suspicion of a potentially disabling impairment that has not been fully evaluated. *Jones v. Bowen,* 829 F.2d 524, 526 (5th Cir. 1985).

The medical evidence of record fails to reveal that Claimant had any mental impairments that affected her ability to work.  Claimant listed depression in her application, but that alone is not enough to warrant that a psychological evaluation be performed.  The record does reveal that two separate Psychiatric Review Technique forms were completed in her case (Tr. 363, 378), as is required when a claimant presents a colorable claim of some mental impairment.  *See Moore v. Barnhart,* 405 F.3d 1208, 1214 (11th Cir. 2005).  Those forms, as well as the medical evidence of record, failed to show that any further evaluations of her mental impairments were necessary.

In light of the foregoing, the undersigned has determined that under the present circumstances, the ALJ was not required to order a consultative examination of the Claimant.  As such, no error is found in the ALJ's failure to order a consultative psychological examination of Claimant.

### III.   Did the ALJ err in failing to obtain testimony from a vocational expert?

Claimant also argues that the ALJ erred by failing to obtain the testimony of a vocational expert. (Cl.'s Br. 13.)  She contends that "because the ALJ did not obtain the testimony of a vocational expert to ascertain the extent to which the claimant's non-

exertional, mental, limitations eroded the job base, the decision was not based on substantial evidence." (*Id.*)

The Regulations state that the testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant *with a severe impairment* has the residual functional capacity to do past relevant work or other work. *See* 20 C.F.R. §§ 416.920(e) & (f), 416.945-.946 (emphasis added). In this case, the ALJ found that Claimant's impairments were not severe at step two of the analysis. (Tr. 16, 17.) Finding that she had no severe impairments, then, the ALJ was not required to proceed to the next steps to utilize the testimony of a vocational expert in determining her residual functional capacity. Thus, no error is found as to this claim.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 29th day of December, 2011.

S/STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE